| UNITED STATES DISTRICT COURT | | USDC SDNY |
|---|---|---|
| SOUTHERN DISTRICT OF NEW YORK | | DOCUMENT |
| ------------------------------------------------------------X | | ELECTRONICALLY FILED |
| | : | DOC #:_____ |
| UNITED STATES OF AMERICA, | : | DATE FILED: 10/30/2017 |
| Plaintiff, | : | |
| | : | 17 Cr. 426 (LGS) |
| -against- | : | |
| | : | **OPINION AND ORDER** |
| EDWIN CABAN, | : | |
| Defendant. | : | |
| | : | |
| ------------------------------------------------------------ X | | |

LORNA G. SCHOFIELD, District Judge:

Defendant Edwin Caban moves to dismiss the indictment, or alternatively, for a bill of particulars. Defendant's motions are denied.

I. DISCUSSION

A. Motion to Dismiss the Indictment

Defendant's motion to dismiss the indictment is denied. The indictment is neither legally insufficient nor unconstitutionally vague.

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." "[A]n indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Bout*, 731 F.3d 233, 241–42 (2d Cir. 2013) (quoting *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008)). The Second Circuit has "consistently upheld indictments that do little more than track the language of the statute charged and state the time and place (*in approximate terms*) of the alleged crime." *Id.* at 240 (emphasis in original) (quoting *United States v. Pirro*, 212 F.3d

86, 100 (2d Cir. 2000)). "An indictment need not be perfect, and common sense and reason are more important than technicalities." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation marks omitted).

The indictment here tracks the language of the statutes charged -- 18 U.S.C. §§ 242 and 1001 -- and states the time and place of the alleged crime. With respect to Count One, the indictment states that, on or about June 22, 2016, Defendant, while acting under color of law, willfully punched a man multiple times in the chest and ribs, depriving him of his rights to be free of unreasonable force by one making a seizure under color of law, and to be free from the use of unreasonable force, resulting in bodily injury. The indictment further states that Defendant was, at the time, working as a security guard for a contractor of the Federal Protective Service ("FPS"), and that the incident occurred at a branch of the Social Security Administration in Manhattan, New York. These facts are sufficient to inform Defendant of the crime charged and enable him to prepare adequately his defense. *See, e.g.*, *United States v. Walsh*, 194 F.3d 37, 44–45 (2d Cir. 1999) (finding sufficient an indictment charging a defendant under § 242 where it named the victim of the assault, specified the manner in which the assault occurred and the time period in which the assault was alleged to have occurred).

Respecting Counts Two through Four, the indictment states that Defendant, in the Southern District of New York, made false material statements on three separate occasions -- June 22, 2016, July 26, 2016, and December 6, 2016 -- in a "Security Incident Report," an affidavit and an interview with federal agents, respectively. The indictment further alleges that Defendant made such material false statements "knowingly and willfully," and states for each count the specific facts that allegedly were false, including why they were allegedly false. As with Count One, these allegations are legally sufficient.

Defendant's assertion that the indictment fails to state an offense under § 242 because it does not allege specific facts to show that Defendant acted "willfully" is meritless. The indictment states that Defendant acted "willfully" and specifically alleges that Defendant punched a man in the chest and ribs as the man "stood still with his hands raised in a gesture of surrender." This pleading is adequate under the law. *See, e.g.*, *United States v. Murgio*, 209 F. Supp. 3d 698, 716 (S.D.N.Y. Sept. 19, 2016) (observing that "reciting a *mens rea* element is generally sufficient to identify for the defendant the 'core of criminality' the Government intends to prove at trial") (internal quotation marks omitted); *United States v. Kozeny*, 493 F. Supp. 2d 693, 712 (S.D.N.Y. June 21, 2007) (holding that "the term 'willfully' need not be specifically included in the substantive counts in order to adequately charge the criminal violation" and that "Defendants cannot seriously contend that their defense will be prejudiced . . . merely because the Indictment did not use the magic word 'willfully' in certain paragraphs") (relying on *United States v. Hernandez*, 980 F.2d 868, 871 (2d Cir. 1992)).

Even if these facts were inadequate to apprise Defendant of the crime charged -- and they are not -- Defendant has not shown that he has suffered or will suffer any prejudice. *See Stringer*, 730 F.3d at 124 (noting that where "the charges in an indictment have stated the elements of the offense and provided even minimal protection against double jeopardy, th[e] Second Circuit] has 'repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity'") (quoting *Walsh*, 194 F.3d at 45); *see also Bout*, 731 F.3d at 241 (affirming denial of a motion to dismiss an indictment where the indictment met a minimum sufficiency threshold and defendant failed to show any arguable prejudice).

Defendant's argument that Counts Two through Four are deficient because they fail to allege materiality fails as well. "Under § 1001, a statement is material if it has a natural tendency

3

to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed, or if it is capable of distracting government investigators' attention away from a critical matter." *United States v. Coplan*, 703 F.3d 46, 79 (2d Cir. 2012) (internal quotation marks omitted). Defendant argues that his allegedly false statements "were not capable of influencing the investigation [into his alleged crimes] in any material way" because the underlying incident was "recorded on videotape . . . in front of a room full of witnesses." Defendant cites no authority for the proposition that making a false statement to government investigators is immaterial where the government possesses evidence that undermines or contradicts that false statement. The cases Defendant cites are inapposite, as they address the sufficiency of the evidence after trial -- not the sufficiency of an indictment that alleges materiality. Courts in the Second Circuit in similar circumstances have denied motions to dismiss an indictment because the materiality or immateriality of a defendant's statements for purposes of § 1001 is a mixed question of law and fact that should be resolved by a jury. *See, e.g.*, *United States v. Khalil*, No. 13 Cr. 386, 2014 WL 1599943, at *2 (E.D.N.Y. Apr. 21, 2014) (relying on *United States v. Gaudin*, 515 U.S. 506, 512 (1995) and collecting cases).

Defendant also argues that Counts Two through Four are multiplicitous because they "all involve statements that Mr. Caban made following and regarding the incident in question." "An indictment is multiplicitous when a single offense is alleged in more than one count." *United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006); *accord United States v. Stitsky*, 536 F. App'x 98, 103 (2d Cir. Oct. 17, 2013) (summary order). "A claim of multiplicity cannot succeed, however, unless the charged offenses are the same in fact and in law." *Jones*, 482 F.3d at 72; *accord Stitsky*, 536 F. App'x at 103. Defendant's argument fails. Counts Two through Four allege three separate instances of making false material statements, each made on a separate occasion through

4

a different medium. To obtain a conviction as to each Count, the Government will need to prove distinct facts, including that the false statement was made, on the date and in the manner alleged. *See, e.g.*, *United States v. Medina*, No. 13 Cr. 272, 2014 WL 3057917, at *5 (S.D.N.Y. July 7, 2014) (holding that two charges in an indictment were not multiplicitous where they were based on multiple uses of a firearm in connection with the same drug trafficking conspiracy); *United States v. Fruchter*, 104 F. Supp. 2d 289, 300 (S.D.N.Y. July 11, 2000) (denying defendants' motion to dismiss eleven counts of making false material statements under § 1001 because to obtain a conviction on each count, "the Government would have to prove that a separate and distinct false statement was made . . . on each of the dates alleged in the Indictment," and noting that "multiple violations of [the] same statute may be charged in multiple, separate, counts").[1]

Defendant's assertion that Count Two fails to allege a false statement made with respect to a matter "within the jurisdiction of a department or agency of the United States" is unpersuasive. The relevant statute, 18 U.S.C. § 1001, in substance, prohibits false statements made "within the jurisdiction" of the federal government. "[T]here is no requirement that a false statement be made *to* the federal agency; it must only have been made in any matter *within the jurisdiction of any department or agency of the United States*." *United States v. Davis*, 8 F.3d 923, 929 (2d Cir. 1993) (emphasis in original). "A department or agency has jurisdiction . . . when it has the power to exercise authority in a particular situation." *United States v. Rodgers*, 466 U.S. 475, 479–80 (1984) (defining "jurisdiction" for purposes of § 1001 and stating that "jurisdiction" in § 1001 should be broadly construed); *accord United States v. Maniago*, 987 F. Supp. 234, 235 (S.D.N.Y. July 16, 1997). "The term 'jurisdiction' should not be given a narrow

---

[1] Defendant's argument also is premature. Courts in the Second Circuit "have routinely denied pre-trial motions to dismiss potentially multiplicitous counts as premature" because simultaneous prosecutions for the same offense do not implicate double jeopardy as long as only one punishment is imposed. *Medina*, 2014 WL 3057917, at *3.

or technical meaning . . . ." *Rodgers*, 466 U.S. at 480.

Count Two charges Defendant with preparing and submitting a false Security Incident Report "in a matter within the jurisdiction of the executive branch of the [U.S.] Government . . . , to wit" the FPS. The indictment further alleges that the incident in question occurred while Defendant was working as a security guard for a contractor of the FPS at a branch of the Social Security Administration. The FPS has jurisdiction to provide security for government buildings. Defendant provided the alleged false incident report regarding actions that he took while acting on the FPS's behalf. The Government notes that the FPS also investigates the use of force by federal security guards, including contractors like Defendant, and regularly reviews federal security guard's incident reports, as it did in this case.

There is no question that Defendant was acting within the FPS's jurisdiction when he provided security in a federal building, and when he prepared and submitted a false statement concerning an incident that occurred while he was providing security. *See Id.* at 479–80; *Davis*, 8 F.3d at 929 (affirming district court's holding that a statement made to *state* officials was within the jurisdiction of a *federal* agency within the meaning of § 1001 where the Marshals Service had a contract with the state to house federal prisoners and the Bureau of Prisons used the contract to house prisoners in its control); *United States v. Litvak*, No. 13 Cr. 19, 2013 WL 5740891, at *9 (D. Conn. Oct. 21, 2013) (observing that "the Second Circuit has found . . . jurisdiction for false statements made to private entities or state and local actors, so long as these institutions are subject to federal regulation or supervision concerning the expenditure of federal funds"). Defendant's motion to dismiss the indictment therefore is denied.

## B. Motion for a Bill of Particulars

Defendant moves, in the alternative, for a bill of particulars identifying the "names and

contact information of all persons who, to the government's knowledge, (i) were witnesses to the incident, or to the events surrounding the incident . . . and (ii) spoke to the alleged victim and/or Mr. Caban at the Social Security Administration . . . ." Defendant is not entitled to these particulars at this stage of the prosecution.

Under Federal Rule of Criminal Procedure 7(f), a court "may direct the government to file a bill of particulars." "A bill of particulars enables a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010) (internal quotation marks omitted). It "is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered at trial." *United States v. Abakporo*, 959 F. Supp. 2d 382, 389 (S.D.N.Y. Apr. 26, 2013) (internal quotation marks omitted); *see also United States v. Bonventre*, 646 F. App'x. 73, 79 (2d Cir. Apr. 20, 2016) (summary order) (internal quotation marks omitted) (upholding the denial of a motion for a bill of particulars because "such evidentiary detail is not the function of the bill of particulars"). A bill of particulars "is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks omitted). It is "not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *Id.* (internal quotation marks omitted). "Whether to grant a bill of particulars is generally a decision entrusted to the sound discretion of the district court." *Ramirez*, 609 F.3d at 502.

Defendant argues that a bill of particulars identifying witnesses to the incident or events surrounding the incident is necessary because Defendant "has no other way to reliably obtain this

information." Defendant has not explained why this is the case, and in any event, Defendant's request exceeds the scope of a bill of particulars. *See United States v. Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. Apr. 30, 2010) (noting that a bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government . . . .") (internal quotation marks omitted); *see also United States v. McCoy*, No. 14 Cr. 6181, 2016 WL 5335443, at *19 (W.D.N.Y. Sept. 21, 2016) (denying a motion for a bill of particulars seeking "the names of any witnesses who claim that [defendant] allegedly possessed the firearms") (alterations omitted); *United States v. Curley*, No. 08 Cr. 404, 2008 WL 11378859, at *6 (S.D.N.Y. Dec. 22, 2008) (stating that "under well established precedent, [defendant's] request for the names and addresses of all persons present when he allegedly committed the charged crimes is denied"). The Government represents that it has provided Defendant a video recording of the incident, the allegedly false Security Incident Report, the allegedly false affidavit, an audio recording of the December 6, 2016, interview where Defendant allegedly lied to federal agents and a visitor logbook for the Social Security branch office that lists the name of each client who signed in between 11:30 a.m. and 1:30 p.m., which includes the time that the incident occurred. The Government has represented that it will provide Defendant a list of the Government's witness prior to trial, as required under 18 U.S.C. § 3500. The motion for a bill of particulars therefore is denied.

## II. CONCLUSION

Defendant's motions to dismiss the indictment and for a bill of particulars are DENIED. The Clerk of Court is directed to close the motions at Docket Nos. 22 and 24.

Dated: October 30, 2017
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**
